FILED

FEB 20 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD LEWIS ASHKER,

    Petitioner,

vs.

JOE MCGRATH, Warden,

    Respondent.

_____/

No. CIV S-01-0760 GEB JFM P

FINDINGS & RECOMMENDATIONS

    Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to dismiss this action as barred by the statute of limitations.[1]

    On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

/////

---

[1] This court heard oral argument on the motion on November 29, 2001. J. Bryce Kenney, Esq. appeared as counsel for petitioner. Ward Campbell, Supervising Deputy Attorney General, appeared as counsel for respondent.

1  35

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On April 18, 1990, petitioner was convicted of second degree murder. On April 23, 1990, he was sentenced to twenty-one years to life in prison for the second degree murder conviction and two enhancements, one for personal use of a deadly weapon and one for a prior serious felony conviction.

2. Petitioner appealed to the California Court of Appeal for the Third Appellate District and the California Supreme Court. The California Supreme Court denied review on July 22, 1992, concluding petitioner's direct appeal.

3. The AEDPA was enacted on April 24, 1996.

4. On April 22, 1997, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. That petition was denied on May 13, 1997.

/////

1       5. On or about January 15, 1998, petitioner filed a supplemental petition for writ
2  of habeas corpus in the Sacramento County Superior Court.  On February 3, 1998, the superior
3  court deemed the petition a motion for reconsideration of the May 13, 1997 order and denied the
4  motion.

5       6. On April 23, 1997, petitioner filed a petition for writ of habeas corpus in the
6  United States District Court for the Northern District of California.  On October 15, 1998, the
7  petition was dismissed for failure to exhaust state remedies.

8       7. On June 26, 1998, petitioner filed a petition for a writ of habeas corpus in the
9  California Court of Appeal for the Third Appellate District.  That petition was denied on July 23,
10 1998.

11      8. On September 10, 1998, petitioner filed a petition for writ of habeas corpus in
12 the California Supreme Court.  That petition was denied on June 2, 2000.

13      9. On April 20, 2001, petitioner filed the instant action.

14                                ANALYSIS

15      Respondent contends that the statute of limitations expired at the latest on July 5,
16 2000, thirty-three days after the California Supreme Court denied petitioner's application for writ
17 of habeas corpus.[2]  Petitioner contends that two of his claims are timely under 28 U.S.C. §§
18 2244(d)(1)(D) and (d)(2), that petitioner is entitled to equitable tolling for a variety of reasons,
19 rendering the entire petition timely, or, in the alternative, that state action created impediments to
20 the timely filing of a pro se petition and therefore that the statute of limitations did not start to
21 run until those impediments were removed.  Petitioner also claims that the application of the
22 statute of limitations in this case is an unconstitutional suspension of the writ of habeas corpus.

---

[2] Respondent also contends that the statute of limitations expired much earlier than July 5, 2000.  See Motion to Dismiss, filed July 11, 2001, at 7-10.  Specifically, respondent contends that petitioner's federal habeas petition was due on April 24, 1997, one year after enactment of the statute of limitations, that the statutory period was only tolled between April 22, 1997 and May 13, 1997 during the pendency of petitioner's first state habeas petition, and, therefore, that the petition was due no later than May 15, 1997.  The court needn't resolve these issues.

I. <u>Newly Discovered Evidence</u>

On March 28, 1990, during a short recess in the presentation of the defense case at petitioner's trial, petitioner's counsel, Philip Cozens, was stabbed by defense witness Paul Schneider. At least two of petitioner's claims in this action arise from the stabbing incident. Petitioner claims that Cozens was "hopelessly conflicted" and rendered ineffective assistance to petitioner as a result of his belief that petitioner was involved in a conspiracy to kill him. Petitioner also claims that the trial court improperly denied petitioner's motion for mistrial to the extent it was based on the alleged conflict of interest.

Petitioner contends that the controlling statute of limitations provisions with respect to these claims is 28 U.S.C. § 2244(d)(1)(D) and that under that provision the statute of limitations did not start to run until November 12, 1999, when Cozens signed a declaration setting forth his belief that petitioner had been involved with the stabbing. Petitioner further contends that the statute of limitations with respect to these claims was tolled from November 12, 1999 until June 2, 2000, during the pendency of his California Supreme Court habeas corpus petition and, therefore, that the claims were timely filed less than one year after that petition was denied.

Section 2244(d)(1)(D) provides for commencement of the statute of limitations on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's argument for the application of 28 U.S.C. § 2244(d)(1)(D) to the claims described <u>supra</u> rests on the position that November 12, 1999 declaration of counsel is <u>the</u> factual predicate for those claims and the point in time at which there was evidence that Cozens had an actual, rather than an apparent, conflict of interest in his representation of petitioner.[3] The position is not supported

---

[3] Petitioner cannot and does not contend he was without knowledge of counsel's alleged adverse performance prior to November 1999; all of the alleged adverse acts occurred during trial or in connection with petitioner's motion for mistrial. The piece of evidence petitioner contends was missing was Cozens' admission that he believed petitioner was involved in the stabbing.

4

by the record. To the contrary, the record shows that petitioner had the factual predicate for these claims as early as April 1990.

In early April 1990, Cozens told petitioner that detectives were investigating petitioner's possible involvement in the stabbing and that Cozens might have to testify against petitioner. (Petition for Writ of Habeas Corpus, at 8.) On April 2, 1990, Cozens was interviewed by Sacramento County Sheriff's investigators and, according to petitioner, made "a series of statements that tend to show his belief that [petitioner] was part of the stabbing." (Petition, at 11.) Also in approximately April 1990, Paul Schneider provided petitioner with a copy of a private investigator's report prepared for Schneider's defense in criminal charges brought as a result of the stabbing. (Declaration of Paul Schneider, Exhibit I to Respondent's Reply to Petitioner's Opposition to Respondent's Motion to Dismiss, filed November 21, 2001). The private investigator had transcribed the April 2, 1990 interview of Cozens, and the report included numerous statements from Cozens which gave rise to a "fair inference" that Cozens believed petitioner was involved in the stabbing. Id. In December 1990, Cozens filed a civil lawsuit against petitioner, alleging that petitioner had conspired with Paul Schneider in the assault on Cozens. (Exhibit K to Petition for Writ of Habeas Corpus.) Petitioner knew of this lawsuit at least as early as December 1991. (Id.)

Thus, it is plain from the record that petitioner had evidence of Cozens' belief in petitioner's involvement in the stabbing incident as early as April 1990, and certainly by December 1991, when his appellate attorney submitted to the state court of appeal a copy of the civil complaint alleging that petitioner had conspired with Schneider to assault Cozens. This evidence was sufficient to form the factual predicate for the claims now before the court.[4]

---

[4] It appears that petitioner raised on his direct appeal, filed in April 1990, claims substantially similar to the ones now before the court. See Exhibit B to Petition, at 24-29. During the pendency of that appeal, petitioner attempted to submit the civil complaint filed by Cozens to the state court of appeal but the court denied his request to take judicial notice of that complaint. (Exhibit K to Petition.)

Petitioner's contention that the statute of limitations with respect to these claims did not commence until November, 1999 should be rejected.

II. Equitable Tolling

Petitioner advances several grounds to support equitable tolling of the statute of limitations. "Equitable tolling is 'unavailable in most cases,' and is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Corjasso v. Ayers, _ F.3d _, 2002 WL 193036, slip op. at 3 (9th Cir. Feb. 8, 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999) and Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.1997), overruled in part on other grounds by Calderon v. United States Dist. Court, (Kelly), 163 F.3d 530 (9th Cir.1998)). Each of the grounds advanced by petitioner will be addressed in turn.

    A. Error in Dismissing First Federal Habeas Corpus Petition

Petitioner contends that the statute of limitations should be equitably tolled because the United States District Court for the Northern District of California erred by dismissing rather than staying his first federal habeas corpus petition pending exhaustion of state remedies.

The record reflects that on October 15, 1998, a magistrate judge in the United States District Court for the Northern District of California dismissed petitioner's original habeas corpus petition with leave to file, by November 25, 1998, an amended petition raising only exhausted claims. Thereafter, petitioner apparently failed to file a fully exhausted petition and the action was dismissed.

The dismissal of petitioner's original petition with leave to amend was not error; dismissal was required by controlling authority because the petition contained unexhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982). The responsibility for failure to file a fully exhausted petition and to renew the request for stay therewith lies with petitioner, not with the

/////

6

1  United States District Court for the Northern District of California.   The dismissal of his first
2  federal habeas corpus petition does not entitle petitioner to equitable tolling.
3      B.  Habeas Counsel's Alleged Conflict of Interest
4          Petitioner next contends that the statute of limitations should be equitably tolled
5  because his former counsel in this action, Herman Franck, had a conflict of interest in his
6  representation of petitioner which caused him to miss the habeas corpus filing deadline.
7  Petitioner claims the alleged conflict of interest arose when Franck borrowed $65,000.00 from
8  petitioner in February and April 1998, partial consideration for which included representation of
9  petitioner in both state and federal habeas corpus proceedings at no charge, and then proceeded to
10 fall behind on payments and to behave in a manner suggesting that he did not intend to repay the
11 loan.  According to petitioner, Franck then failed to file a timely federal petition following the
12 California Supreme Court's June 2000 denial of petitioner's state habeas petition.
13         Petitioner relies on Manning v. Foster, 224 F.3d 1129 (9th Cir. 2000).  In
14 Manning, the petitioner alleged that his trial counsel had affirmatively misled him about his
15 appeal rights in order to prevent the petitioner from claiming on appeal that counsel had provided
16 ineffective assistance at trial.  The court of appeals held that there was an actual conflict of
17 interest between the petitioner's "interest in presenting and prevailing in his ineffective
18 assistance claim and [counsel]'s interest in protecting himself from the damage such an outcome
19 would do to his professional reputation and from exposure to potential malpractice liability or bar
20 discipline" and that the conflict could constitute "cause" for a procedural default.  Manning, 224
21 F.3d at 1134.
22         "To allege cause for a procedural default, a petitioner must assert that the
23 procedural default is due to an 'objective factor' that is 'external' to the petitioner and that
24 'cannot fairly be attributed to him.'"  Manning, at 1132 (quoting Coleman v. Thompson, 501
25 U.S. 722, 753 (1991).  As noted above, equitable tolling is available only when a showing of
26 "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

7

time.'" Corjasso, supra (internal citation omitted). Assuming, arguendo, that in an appropriate case a "cause" for procedural default could also be an "extraordinary circumstance" justifying failure to timely file a habeas corpus petition, petitioner has not made the requisite showing in this case. Petitioner has not established that the loan or counsel's failure to repay the loan gave rise to an actual conflict of interest in his representation of petitioner in habeas corpus proceedings, nor has he shown that the circumstances were sufficiently extraordinary that it was impossible for petitioner to file a timely federal habeas corpus petition.

    C. State Impediments

Petitioner also contends that the statute of limitations should be equitably tolled because prison officials withheld necessary medical treatment for injuries to his right arm sustained as a result of a 1990 prison shooting incident and failed to provide him with a writing assistant, making it impossible for petitioner to file a pro se petition.

Petitioner's alleged inability to write did not make it impossible for him to timely file his federal petition. Petitioner's state habeas petition was pending in the California Supreme Court from September 10, 1998 until June 2, 2000. Petitioner was not required to rewrite the federal claims that were included in that petition in order to file a cognizable federal habeas petition; a copy of those claims appended to a completed form federal habeas corpus petition would have been adequate. This contention for equitable tolling should be rejected.

    D. Totality of the Circumstances

Petitioner also contends that the totality of circumstances, specifically the combination of his medical disability and his habeas counsel's conflict of interest, were sufficiently extraordinary to preclude timely filing of a federal habeas corpus petition. Petitioner has failed to show, however, that these two factors combined to preclude the timely filing of a federal habeas corpus petition. The record suggests that both petitioner and his attorney knew or should have known as early as April 1997 that the time to file a federal habeas petition after petitioner exhausted state court remedies would be extremely short. The record does not support

8

a finding that the factors alleged by petitioner made it impossible for petitioner to timely file a federal habeas corpus petition promptly after that denial.[5] The totality of the circumstances with which petitioner claims he was confronted were not sufficient to warrant equitable tolling of the statute of limitations.

E. Fundamental Miscarriage of Justice

Petitioner's final argument in support of equitable tolling is that enforcing the statute of limitations against him in this case will result in a fundamental miscarriage of justice because the claims raised in the petition show that no reasonable jury could have convicted petitioner of second degree murder had the errors complained of not occurred. As noted above, the test for equitable tolling is whether extraordinary circumstances made it impossible for petitioner to timely file a federal petition. Where, as here, there is no showing of extraordinary circumstances, petitioner is not entitled to equitable tolling.

III. 28 U.S.C. § 2244(d)(1)(B)

Petitioner also contends that state action created impediments to the filing of a timely petition and, therefore, that the statute of limitations in this case should be governed by the provisions of 28 U.S.C. § 2244(d)(1)(B). Petitioner argues that Cozens was a state actor because he was court-appointed and that Cozens' failure to disclose his belief of petitioner's involvement in the stabbing incident was an impediment to the timely filing of a habeas petition, and he argues that the CDC's withholding of necessary medical care and/or a writing assistant was an impediment to the timely filing of a habeas petition. For the reasons set forth in sections I and II C, supra, these arguments are without merit.

/////

/////

---

[5] Petitioner acknowledges that any alleged failure by counsel to properly calculate the time remaining in the limitations period is not a ground for equitable tolling. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

9

IV. <u>Suspension of the Writ</u>

Finally, petitioner contends that application of the statute of limitations in this case constitutes an unconstitutional suspension of the writ of habeas corpus. Petitioner contends that the "totality of the circumstances" presented support this argument. For the reasons set forth above, none of the circumstances described by petitioner support relief from operation of the statute of limitations in this case. That is true whether the circumstances are considered separately or in totality.

The habeas corpus statute of limitations is not on its face an unconstitutional suspension of the writ of habeas corpus "because it is not jurisdictional and may be subject to equitable tolling." <u>Green v. White</u>, 223 F.3d 1001, 1003-04 (9th Cir. 2000). Petitioner's failure to establish any grounds for equitable tolling does not render enforcement of the statute of limitations an unconstitutional suspension of the writ.

Petitioner also apparently contends that it is unconstitutional to apply the statute of limitations where there is a showing of actual innocence. The United States Court of Appeals for the Ninth Circuit has not directly addressed this question. In <u>Lucidore v. New York State Division of Parole</u>, 209 F.3d 107 (2nd Cir. 2000), the United States Court of Appeals for the Second Circuit decided that its consideration of the constitutional issue was restricted by the "longstanding principle of constitutional interpretation that courts may not pass upon the validity of a federal statute 'at the instance of one who fails to show that he is injured by the statute's operation.'" <u>Id</u>. at 113-14 (quoting <u>New York City Transit Auth. v. Beazer</u>, 440 U.S. 568, 583 n.22 (1979)). It held, therefore, that because the petitioner in that case had failed to show that he was actually innocent of the crime for which he was convicted the court would not reach the question of whether such an exception is required. <u>Id</u>. at 114.

"In order to demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable

doubt.'" Lucidore, 209 F.3d at 114 (quoting Schlup v. Delo, 513 U.S. 298, 299, 327-38 (1995)). Specifically, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, at 327.

In the instant case, petitioner was convicted of second degree murder in the stabbing death of another inmate at Folsom Prison. Petitioner's defense was that the stabbing was done in self-defense. He raises several claims in his petition, most of which are predicated on facts known to petitioner at the time of trial. The only "new" evidence presented in support of the petition are the November 1999 Cozens' declaration, and some prison memoranda from 1987 and 1990 which petitioner contends support his contention that the victim's cell was intentionally destroyed after the incident. The latter contention, according to petitioner, would have supported a request for a jury instruction pursuant to an instruction pursuant to Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988), requiring the jury to infer that the victim had a knife in his cell prior to the incident at issue.

The evidence presented by petitioner is only "new" in the sense that it was not available at petitioner's trial. The evidence of Cozens' belief of petitioner's involvement in the stabbing was known to petitioner as early as December 1991, and petitioner received the prison memoranda in late 1993 or early 1994 during discovery in a civil rights action. (See Exhibit PP to Petition for Writ of Habeas Corpus, Supplemental Affidavit of Todd Ashker in Support of Reply to Informal Response Re: Application for Writ of Habeas Corpus, at ¶ 15.) There is no cogent explanation for petitioner's failure to raise these claims in any court promptly, or at least within a reasonable period of time, after receiving the "new" evidence.

Moreover, even assuming arguendo that the court could consider the evidence now tendered by petitioner as "new" evidence, the showing made by petitioner with that evidence does not appear to support a claim of actual innocence under the standard set forth in Schlup, supra.

/////

For the foregoing reasons, even if the U. S. Constitution might require an "actual innocence" exception to the habeas corpus statute of limitations in an appropriate case, petitioner has failed to demonstrated that the exception should apply in this case. See <u>Lucidore</u>, at 114.

For all of the foregoing reasons, IT IS RECOMMENDED that:

1. Respondent's July 11, 2001 motion to dismiss be granted and;

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 20, 2002.

_____
UNITED STATES MAGISTRATE JUDGE

12
ashk0760.157

```
                United States District Court
                           for the
                 Eastern District of California
                      February 20, 2002
```

* * CERTIFICATE OF SERVICE * *

                                    2:01-cv-00760

Ashker

    v.

McGrath

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on February 20, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
    Ward A Campbell                         SF/GEB
    Attorney General's Office
    PO Box 944255                           CF/JFM
    1300 I Street
    Suite 125
    Sacramento, CA   94244-2550

    John Boyce Kenny
    Russell J Clayton and Associates
    791 8th Street
    Suite R
    Arcata, CA   95521
```

                                    Jack L. Wagner, Clerk

                                    BY: _____
                                         Deputy Clerk